UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
JUL 17 2006
RECEIVED

FILED
AUG - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court for the D.C.
Wash, D.C 20001

Tyrone Hunt
401 H St. N.W. #517
(202) 487-5598
Wash, D.C. 20001
Plaintiff

vs.

D.C. Board of Parole
Defendant

Civil Action No. ____

CASE NUMBER 1:06CV01397
JUDGE: Colleen Kollar-Kotelly
DECK TYPE: Civil Rights (non-employment)
DATE STAMP: 08/07/2006

## Complaint

1. Jurisdiction of this honorable court is pursuant to Title 42, Section 1983, U.S.C., Title 28, Section 1331, U.S.C., Title 28 Section 1335, U.S.C., and the eighth (8th) Amendment to the U.S. Constitution.

2. I am citizen of the District of Columbia.

3. I demand a trial by jury on all issues involved.

## Statement of the Case.

Tyrone Hunt, the appellant, and respectfully

RECEIVED
JUL 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

:States that in the year of 1996, said Defendant violated said plaintiff for usage of narcotic drug (namely mariquania, laced with cocaine, through an alleged friend of said plaintiff, who was told then at the time of said alleged incident that said plaintiff was on Adult Parole with the D.C. Board of Parole and said plaintiff can to not use drugs because of said conditions of parole, but, when said plaintiff reported for drug testing in the year of 1996, said Defendant handed-down a parole violation against said Defendant for so-call "Dirty urine" because said plaintiff was not aware of said lacing of mariquania with addictive cocaine, which said plaintiff is not an addict and was not paroled by the D.C. Board of Parole for narcotics or narcotics usage but for First Degree murder and carrying

(3)

b. Dangerous weapon in criminal case No. 58968-75 & 8B in the Superior Court of the D.C., Wash. D.C., in 1982 on two (2) count indictment; in which said plaintiff was paroled on May 31, 06 from incarceration at the then Lorton Complex, Lorton, V.A., Box 25, after serving twenty-three years and six (6) months of 10 twenty (20) year to life imprisonment; so, therefore, said parole violation handed-down by the D.C. Board of Parole after 8 ix (6) months of freedom from incarceration was in violation of the plaintiffs' eighth (8th) amendment Rights to the U.S. constitution.

Memorandum of Law.

1. See: eighth (8th) Amendment Rights to the U.S. Constitution. All cases concerning malicious interference.

## Relief

Plaintiff seeks one (1) trillion dollars in punitive damages against the Defendants.

## Certification of Service

I, Tyrone Hurt, the Plaintiff, pro se, respectfully states that I have upon upon this 16th day of June, 06, have sent the foregoing complaint to the U.S. District Court for the District of Columbia.

Respectfully submitted,
s/ Tyrone Hurt
(Plaintiff, Pro-Se)

**TEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:**

report immediately upon my release to Ms. McCall, 301 "C" St., N.W., 
...tment of Corrections, Room 2nd Fl., for my final instructions. (202) 727-3146
2148

1. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

2. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

3. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

4. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

5. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

6. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

7. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

8. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

9. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

SPECIAL CONDITION(S): Outpatient Mental Health Program/Refer/Intensive Supervision Special needs CMTY-B Program/IPACHI.

FILED
06 1397
AUG - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

_Jerome Hurt_              _145-141_
Signature of Parolee       D.C.D.C.        Date

_____        _____      _____
Signature of Witness       Title             Date

26

PB-1a
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

### ADULT
APC# 17224-96

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that **Hurt, Tyrone** D.C.D.C. **145-141** is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on **May 21**, 19**96**, and that said person remain under supervision within the limits of the **Washington, Metro Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until **Life**, ____; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this **7th** day of **August**, 19**95**.

The above-named was released on the ____ day of ____, 19 ____.

Administrator
A TRUE COPY
TEST
*Michael Green* (signature)

Director, Michael Green
Parole Determination
D.C. Board of Parole

*Margaret Quick* (signature)

81—PS804