UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Tyrone Hurt, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-1397 (CKK) |
| | : | |
| D.C. Board of Parole, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

This matter is before the Court on its initial review of the complaint pursuant to 28 U.S.C. § 1915(e). Under this statute, the Court "shall" dismiss "at any time" the case of a plaintiff permitted to proceed *in forma pauperis* upon a determination that the complaint, among other grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). This case qualifies for such treatment and therefore will be dismissed.

Plaintiff, a District of Columbia resident, sues the former District of Columbia Board of Parole under 42 U.S.C. § 1983 for alleged Eighth Amendment violations stemming from parole revocation proceedings in 1996. He seeks $1 trillion. By its terms, § 1983 creates a cause of action against "person[s]" who violate constitutional rights while acting under color of authority. "The [former] Board . . . cannot be sued [for monetary damages] for it is not a 'person' within the meaning of Section 1983." *Thompson v. Burke*, 556 F.2d 231, 232 (3rd Cir. 1977) (citation omitted). Moreover, the D.C. Board of Parole has been abolished and its responsibilities with respect to felons have been assumed by the United States Parole Commission. *See* D.C. Code § 24-131 (2001). Therefore, any claims arising from the acts of the D.C. Board of Parole are moot. *See Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) ("the National Capital

Revitalization and Self- Government Improvement Act renders moot plaintiffs' claims concerning parole hearings before the local Board of Parole, at least with respect to class members imprisoned for felonies").  Accordingly, the complaint will be dismissed.[1]

                                              _____s/_____
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge

Date: August 28, 2006

---

[1] A separate Order accompanies this Memorandum.